# N. Y. COMMON PLEAS.

## Edwin Booth agt. Jarrett & Palmer.

*Trade mark — when the use of an individual's name attached to a theater or public building will not be restrained by injunction as being in the nature of a trade mark.*

Where the plaintiff executed a release of his theater which he had built corner of Sixth avenue and Twenty-third street, in the city of New York, and which he called "Booth's theater," to Junius B. Booth ; *he* afterwards assigning his lease to the defendants, the premises in both instances being designated as "Booth's theater;" the plaintiff also executed several mortgages in which the premises are described by metes and bounds, to which description is added the words "being the premises known as Booth's theater in the city of New York;" under a foreclosure of one of the mortgages, the receiver duly appointed in the foreclosure proceedings by direction of the court, executed an agreement by which the defendants were accepted as tenants "of the property known as Booth's theater," and since this agreement, up to the present time, the defendants have been carrying on the theatrical business at said theater, designating the same as "Booth's theater," but representing themselves as the lessees and managers:

*Held,* that the plaintiff was not entitled to an *injunction* to restrain the defendants from using the name "Booth" in connection with the theater heretofore known as "Booth's theater," of which the defendants are the lessees.

*Held also,* that the plaintiff, by his acts, has affixed his name to the theater, so that his grantees and their successors have the right to call this building "Booth's theater," the name which he has given it.

*Special Term, November,* 1876.

THIS suit is brought by Edwin Booth, as plaintiff, to restrain Messrs. Jarrett & Palmer, the defendants, from using the name "Booth" in connection with the theater heretofore

known as "Booth's theater," situated on the corner of Twenty-third street and Sixth avenue, and of which the defendants are lessees.   In his complaint Mr. Booth also asks for $10,000 damages for the loss he claims to have sustained by the use already made of his name in this respect.   This motion is made on the part of plaintiff to temporarily restrain the use of his name pending the final determination of the action.

*Luke A. Lockwood*, for plaintiff, argued that the use of Mr. Booth's name, in connection with the theater, was only intended by him to continue as long as he was interested in or connected with it; that his interest in it ceased in 1874, when the property was sold under foreclosure; that, as matter of law, the defendants had no right to continue the use of his name without his consent; that he has refused such consent, and protested against its further use, and that his own use of it, in connection with a theater, being in the nature of a trade mark, it became a trade mark property, for the protection of which he had a right to successfully invoke the equitable relief demanded; that the use of his name in connection with the theater was exclusively his own personal right; that the word "Booth's" indicated that he owned, had possession of, or conducted the theater, and having long since ceased to do any of these it could no longer be properly called "Booth's theater;" that even if he gave Junius B. Booth the permission to continue such name, he had a right to withdraw that permission, and did so now in respect to the defendants, who are the assignees of the lease to Junius B. Booth.

*Benjamin F. Russell*, for defendants, alleged as matter of fact that in 1873 the plaintiff made a five years' lease of the theater to Junius B. Booth, describing it as "Booth's theater;" that subsequently this lease, the theater still bearing the same name, was assigned to defendants with the knowledge and assent of plaintiff and all parties who had become

Booth agt. Jarrett.

interested in the property through him, and under the direc-
tion of the supreme court; that the name "Edwin Booth"
had never been used in connection with the theater in ques-
tion; that the public had not been deceived by the use of the
name "Booth," and that plaintiff had never sustained any
damage thereby. As matter of law, he argued that Mr.
Booth never had an exclusive right to the name "Booth,"
there being others, even of his own family, after whom it
might be named; that a person could not make a trade mark
of his own name, and thus obtain a monopoly of it which
would debar all other persons of the same name from using
their own names in their own business; that assuming the
plaintiff had at some time or other the exclusive right to the
use of the name Booth in connection with the theater, he had
no legal claim to it now, having leased it under the name of
"Booth's theater," of which lease defendants became assignees,
with his consent and approval; that Mr. Booth having called
the theater "Booth's theater," having leased it, mortgaged
and conveyed it as such, the name had become a part of the
property in the hands of its present owners and lessees, as
much as if the Astor House had been leased or conveyed as
the Astor House.

VAN BRUNT, J. — In or about the year 1868 the plaintiff,
at the corner of Twenty-third street and Sixth avenue, in the
city of New York, built a theater, which he called " Booth's
theater." From February, 1869, to the 30th of January,
1873, the plaintiff managed the said theater and obtained a
great reputation for the said theater under the name of
" Booth's theater." On this last mentioned date the plain-
tiff executed a release to Junius B. Booth, of the theater in
question, under the following designation : "All those cer-
tain premises situate on the southerly side of Twenty-third
street, between Fifth and Sixth avenues, and known as
Booth's theater, in the city of New York." On the 7th day
of April, 1874, the said Junius B. Booth assigned this lease

to the defendants. In the month of November Edwin Booth executed a mortgage to Oakes Ames upon the theater, in which mortgage the premises are described by metes and bounds, to which description is added the words, " being the premises known as Booth's theater, in the city of New York." A mortgage was also given to Simon Wormser on the said premises, which was foreclosed, and the premises conveyed to Oliver Ames, in February, 1876, by the same description. Mr. William M. Pritchard having been duly appointed receiver of said premises in the action to foreclose the Wormser mortgage, by direction of the court executed an agreement by which the defendants were accepted as tenants of the property known as Booth's theater, upon the terms and conditions set forth in the said lease to Junius B. Booth, excepting certain modifications contained in said agreement, and since the execution of this agreement up to the present time the defendants have been carrying on the theatrical business at said theater, designating the same on their hand-bills and bill-boards as " Booth's theater," but representing themselves as the lessees and managers. The plaintiff claiming that by the use of the name of " Booth's theater " the public will be misled into believing that he is still the manager of this theater, and that they will be deceived into going to the theater, supposing that plaintiff still acts there, and that he will be injured thereby, brings this action to restrain the defendants from the use of the name of " Booth's theater." I am unable to see how the injunction asked can be granted. The plaintiff has built a public building and christened it " Booth's theater." He has acquired for that under that name a reputation as a place of public amusement. Having thus increased the value of the premises by that reputation, he has mortgaged and leased them under the name he had given them, and there is no doubt from the manner in which the premises are described in the lease to Junius B. Booth that one of the inducements to the lease was the public reputation which Booth's theater had acquired as a place of public amusement.

Booth agt. Jarrett.

The defendants have succeeded to all these rights, and one of them seems to me is the name by which the plaintiff has conveyed these premises. It is to be borne in mind that there is no attempt upon the part of the defendants to conceal the fact that they are the lessees and managers of this theater. What, under these circumstances, does the use of the name "Booth's theater" indicate to the public? Nothing more, I imagine, than that this theater was built by the plaintiff; that this is the theater which he named upon its construction "Booth's theater," and the place of amusement which had become known to the public under that name. The facts developed in this case are far from bringing it within the principles laid down in the case of *Howe* agt. *Searing* (19 *How. Pr. R.*, 14), relied upon by the plaintiff as an authority to support his claim in this action. In that case the assignees of Howe conducted the whole business in his name, and the court upheld the injunction on the ground "that it was against public policy to allow a business to be conducted under any other name than that of the actual parties doing it." It seems to me that the plaintiff, by his acts, has affixed his name to the theater, so that his grantees and their successors have the right to call this building "Booth's theater," the name which he has given it.

The motion for an injunction must be denied, with ten dollars costs.