MICHAEL O'GRADY

*v.*

CLARA McDONALD.

[Submitted March 25th, 1907. Decided March 27th, 1907.]

1. The proprietor of a hotel managed as "The Hotel Dominion" is entitled to restrain another from operating a new hotel under the name of "The New Dominion," as against the objection that the owner of the new hotel as tenant of the old improved its reputation by reason of his labors.

2. The proprietor of a hotel managed as "The Hotel Dominion" is entitled to an injunction restraining the use by another proprietor of a hotel of the name "The New Dominion," on the ground that the name of the new hotel will aid in procuring guests theretofore patronizing the old one.

On bill for injunction.

Complainant is the owner of a hotel on Arkansas avenue, in Atlantic City, known as "The Hotel Dominion," and seeks to restrain defendant from using the name "The New Dominion"

for a hotel which defendant has recently erected on that avenue within a few hundred feet from the hotel owned by complainant. The theory of the bill is that defendant is violating rights which complainant has acquired by prior appropriation of the trade name stated.

Heard, at the return of an order to show cause for a preliminary injunction, on bill and affidavits and answer and affidavits.

*Messrs. Thompson & Cole,* for the complainant.

*Messrs. Bourgeois & Sooy,* for the defendants.

LEAMING, V. C.

There can be no doubt of the power of a court of equity to restrain the improper use of a trade name. The principles involved are, in many respects, analogous to those arising in the protection of trade marks. *Busch* v. *Gross, 71 N. J. Eq. (1 Buch.) 508; International Silver Co.* v. *William H. Rogers Corporation, 67 N. J. Eq. (1 Robb.) 646; Eureka Fire Hose Co.* v. *Eureka Manufacturing Co., 69 N. J. Eq. (3 Robb.) 159.* Complainant's hotel has been conductetd under the name "The Hotel Dominion" for upwards of twelve years. That name has necessarily become so associated with the hotel that complainant is clearly entitled to protection against the use of the same or a similar name in such manner as to be likely to deceive or mislead the public. Defendant claims, however, that she was a tenant of complainant's hotel from March 1st, 1896, to March 1st, 1897, and during that time gave the hotel of complainant a high standing under its old name, which name, she claims, was of little value prior to that time. I think this fact wholly immaterial. Defendant leased the hotel for one year furnished and ready for occupancy. Her lease described the property as "The Hotel Dominion." If during the year of her tenancy the reputation of the hotel was improved by reason of her labors, that fact cannot properly be held to entitle her to the use of the name for an opposition hotel at the end of her term. Had the name been one of her own adoption, as in *Wilcoxen* v. *McCray, 38 N.*

*J. Eq.* (*11 Stew.*) *466,* and not one which she only became entitled to use because she was a tenant of the property of complainant, an altogether different condition might exist.

The more difficult question is whether the name "The New Dominion," as used by defendant, is likely to operate to deceive or mislead the public. A question of this nature necessarily depends largely upon the special circumstances of the individual case. In *Weinstock, Lubin & Co.* v. *Marks, 109 Cal. 529,* the proprietors of a store known as "Mechanics Store" were awarded an injunction against the use, by an opposition concern, of the name "Mechanical Store." In *Gamble* v. *Stephenson, 10 Mo. App. 581,* the proprietor of "What Cheer" restaurant was awarded relief against the name "New and Original What Cheer Restaurant." In *Colton* v. *Thomas, 2 Brews. 308,* the name "Colton Dental Association" was protected against the use of the name "Colton Dental Rooms." In *Cady* v. *Schultz, 19 R. I. 193; S. C., 61 Am. St. Rep. 763,* the name "United States Dental Association" was protected against the use of the name "U. S. Dental Association." In each of these cases various circumstances existed of more or less force to control the decisions rendered, but the essential inquiry in all cases is: Is the new name, as used, calculated to deceive or mislead? In the present case no reason is suggested by defendant for her desire to use the name "dominion" in her new enterprise, but the inference is present that she finds in the name adopted some aid to the procurement of guests who have heretofore patronized the old hotel. I am unable to believe that this will not be the effect of the use of the name if that use is permitted.

*I will advise that a preliminary injunction issue pursuant to the prayer of the bill.*