JOHN S. FREELAND, Appellant, v. BESSIE BURDICK and JAMES SCOTT, Respondents.

Springfield Court of Appeals, June 25, 1918.

1. **PROPERTY: Right of Alienation: Trade Name.** One of the vital elements of title and ownership is the right to transfer and convey unimpaired to another and the purchaser of property used and known as a hotel by a particular name acquires the same right to the use of such name as his vendor had.

2. **TRADE-MARKS AND TRADE-NAMES: Name of Hotel.** The right in a city to call a hotel by a certain name should be exclusive, so that the public will not be confused.

3. ——: ——: **Transfer.** Name of hotel remains with location, rather than with proprietor, and passes with premises to successive proprietors, where building is designed to be used permanently as a hotel, and name is impersonal and has been applied exclusively to the one place.

4. ——: **Hotel: Name.** That no owner of a building used as a hotel has ever personally conducted a hotel therein is not a controlling factor in determining whether the name has become localized to the building, in an action by an owner to enjoin use of the name by another.

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED and REMANDED  (*with directions.*)

*Lamar & Lamar* for appellant.

*Hiett & Scott* for respondents.

STURGIS, P. J.—The plaintiff as owner of the premises and building heretofore known as the Park Hotel at Houston, Missouri, seeks to enjoin the defendant, a former proprietor of the hotel business there conducted, from using the name Park Hotel to designate a new hotel close by which defendant now owns or controls. The trial court denied any relief and dismissed plaintiff's bill.

The evidence showed that many years ago this property, now owned by plaintiff, was used as a hotel and took the name and has ever since been known as the Park Hotel. If not originally built for a hotel it is adapted to that purpose and has been so used for fifteen or twenty years. It seems to have been once called the Ozark Hotel but for many years it has been known and designated by signs as the Park Hotel. The defendant at one time managed the Southern Hotel in the same town—a hotel yet being run there—but some five or six years ago she gave up that hotel and leased the property in controversy, then and before that known as the Park Hotel, and has since conducted same under that name. When she leased this property from the owner she also purchased the furniture and goods of the former tenant. No owner of this property has ever personally conducted the hotel but same has been done by successive tenants, four or five in number.

There is no doubt but that defendant greatly improved the patronage and reputation of the Park Hotel. Before her time it had been little more than a rooming house and its patronage came largely from the surrounding country. That, however, was before the days of automobiles and good roads and as Houston

is an inland town there was not much travel there. The fact that the hotel has a much larger patronage than before defendant managed it, is due partly to her ability as a good hotel keeper and partly to the changed conditions.

The plaintiff purchased the hotel premises with the avowed purpose of personally conducting the hotel as soon as defendant's lease expired and so notified defendant. The defendant thereupon obtained control of a building and grounds, suitable for a hotel but not before so used, located just across the street from the old Park Hotel. This she began fitting up for a hotel with the avowed purpose of conducting it under the name of the Park Hotel. She avowed her purpose to remove a large sign having the words "Park Hotel" thereon, and which she had put up during her tenancy to replace a smaller one, to the new location across the street.

The question here presented is whether the name Park Hotel is attached and belongs to the premises and the successive owners thereof or belongs to the person or proprietor of the business there conducted and may be changed and carried by such proprietor to a new location. This precise question is a new one in this State but the principals which underlie the protection of trade names and the restraint of unfair competition are well settled.

The fact that plaintiff is a recent purchaser of the property in question and purchased it and received a conveyance therefor as so much real estate described by lot and block only is of little significance. This is the common way of conveying real estate regardless of its character and plaintiff stands in the shoes of and has all the rights of his predecessor in title. If the defendant has the right to do what she has threatened to do as against plaintiff she also had such right as against the former owner. One of the most vital elements of title and ownership is the right to transfer and convey same unimpaired to another

and to hold otherwise is to impair the right of vendor as well as vendee. We shall consider the case therefor the same as if the former owner was plaintiff.

We think also that one or the other of these parties should have the exclusive right to use the trade name of Park Hotel at this town. To have two Park Hotels at this town under rival management would lead to great confusion and inconvenience to the public, whose rights are to be considered. The parties agree that the name is a valuable asset and it is not capable of partition in kind or of joint use.

Hotels, being generally built and designed for that particular use and no other, take local names which generally belong to and designate the place rather than the proprietor of the business. Hotels are generally classed with these particular establishments into which location enters as an essential element and where the trade name means that the goods produced are of that particular place rather than of a particular manufacturer. In such cases the name becomes an inseparable part of the building or premises and will pass with the sale or lease of the same, and cannot be severed therefrom even by the first adoptor or user of such name. [38 Cyc. 871; Armstrong v. Kleinhans, 82 Ky. 303; 56 Am. Rep. 894; Pepper v. Labrot, 8 Fed. Rep. 29; Booth v. Jarrett, 52 How. Pr. 169.] Nims on Unfair Competition and Trade Marks, page 42, section 21, speaking of names which attach to the locality or building says: "This is true frequently of hotels, breweries, natural springs, newspapers and the like. In such cases he who buys the buildings, or acquires the right to occupy them, will have the right to use the name attaching thereto, in the absence of very explicit contractual arrangement." Again at page 83, section 48, this same author says: "Some hotel names are personal names, others impersonal, certain of these names attach to a place, to a particular hotel regardless of its ownership; while others have been held to be the property of a person and to attach to him rather than the place." As particularily ap-

plicable to the case in hand this author then adds: "Where the name of a hotel was attached to it before a lessee of it took possession, the fact that the lessee increases by his energy and skill the value of the name is not a reason why he may use the name in another place in competition with the owner, because to do so would mislead the public." O'Grady v. McDonald, 72 N. J. Eq. 805; 66 Atl. 175, is cited as supporting the text and is quite similar to the present case. [See, also, Hopkins on Trademarks, page 212, section 93.]

Common observation as well as the reported cases show that hotel names generally attach to the place and designate the particular premises rather than the proprietor thereof and are not transitory with him. In such case the name remains with the place regardless of any change in the ownership or person conducting the business there; and such owner or occupier of the premises will be protected in the use of such name against both strangers and former owners or lessees. There are some exceptions to this rule depending upon the peculiar facts and the learned counsel for defendant has cited a number of cases recognizing exceptions. [Vonderbank v. Schmitt (La.), 15 L. R. A. 462; Sieward v. Denechaud, 120 La. 720, 45 So. 561; Woodward v. Lazar, 21 Cal. 448, 82 Am. Dec. 751.] In the case first cited the plaintiff had conducted both a hotel on the European plan and a restaurant as separate establishments but in co-operation with each other. To both these he gave his personal name. He sold the hotel theretofore called the "Hotel Vonderbank" but continued to own and run the restaurant. The hotel passed into the hands of a party who put in a dining room and insisted on his right to conduct the same as the "Vonderbank Hotel." The court enjoined such use and placed much stress on the fact that plaintiff merely lent his personal name to this business while he conducted it. The court said: "Had the name of that establishment formed an element of the good-will of the hotel business while

it was being conducted on the leased premises by the plaintiff, it would, under all of the authorities, have passed to the landlord at the termination of plaintiff's lease, and by his conveyance to the defendant; but as it was rather a personal perquisite of the proprietor while lessee, and not an impersonal ingredient of his business, it did not pass to the landlord, but remained subject to the control of the lessee at the termination of the lease.'' The Sieward case supra, also from Louisiana follows the Vonderbank case in holding that under the facts there the ''Hotel Denechaud'' was given by the proprietor to the business and not to the property. That case did not involve the precise question here, being a suit by its owner to cancel the lease because among other things the lessee had changed the name of the old hotel and transferred it to another hotel also operated by him. The name being a personal one and the intent being to apply it to defendant's business rather than to the location and the natural right of a person to apply his own name to his own business regardless of location, were the controlling facts in that case.

In the Woodward case supra, the plaintiff erected on leased land a building used by him as a hotel, giving it the name ''What Cheer House.'' Later he built another hotel near this one on land owned by himself and gave it the same name. Subsequently the old hotel was abandoned and remained vacant for some time. A new proprietor was enjoined from conducting a hotel there under the name ''What Cheer.'' The court laid stress on the fact that the plaintiff had built this hotel and given it this name. The real ground, however, for sustaining the injunction is stated thus: ''Before surrendering the demised premises, he transferred his business, and the name under which it was conducted, to another building, and then surrendered the demised premises and the building, with no special name, to his landlords. He had conducted the business under the name of the ''What Cheer House,'' at his new locality, at least from November

until January, while the old building remained unoccupied, and before it was opened as a hotel. He had in this time, if he had no other claim, established an exclusive right to the name as the trade mark for his new house. Although, therefore, his claim to protection, so far as his right results from the good will acquired for the name while it was applied exclusively to the demised premises may not be sustainable, he is entitled to protection in the exclusive use of the name as proprietor of the new house.''

We may therefore state the following rules as applicable to this case: A hotel is generally such a building and premises as is especially and permanently adopted to that business and is known by its name which ordinarily attaches to and remains with the location rather than with the particular proprietor. In such case the name passes with the premises to successive proprietors who are entitled to the exclusive use of such name. In determining whether a particular case forms an exception of this rule, these facts have more or less weight: (1) Whether or not the building and premises are designed to be used permanently as a hotel; (2) whether the name given it is that of an individual conducting it or is impersonal; (3) whether the tenant or proprietor who is seeking to divert such name to another place is the person who first gave it such name; (4) whether such name has been applied exclusively to the one place or has been used to designate a person's business whereever it was conducted.

Applying these tests to this case we find that the premises in question are adapted to the hotel business only; that the name given it, Park Hotel, is impersonal and is designed to designate place rather than ownership; that defendant did not give this name to this hotel but that such was attached thereto before her proprietorship and tenancy; that the name has been applied exclusively to this hotel and to no other place of business. The trial court attached importance to the fact that no owner of this property had ever conducted a hotel therein, but same had been done by ten-

ants. This, we think, is not a controlling factor. The name has become localized to plaintiff's hotel and he is entitled to the relief prayed.

The judgment is therefore reversed and the cause remanded with directions to enter a judgment for plaintiff as prayed for in the petition. *Bradley, J.,* concurs; *Farrington, J.,* concurs.