## Wolf et al. v. William Goldman Theatres, Inc.

*A. Wernick*, for plaintiffs.
*Wolf, Block, Schorr & Solis-Cohen*, for defendant.

SMITH, P. J., March 10, 1936. — The plaintiffs, on October 18, 1935, filed their bill of complaint against the defendant corporation, setting forth:

That since November 1931 the plaintiffs were engaged as partners in the conduct and management of a moving picture theatre under the trade name "Band Box Theatre";

That on March 17, 1932, the plaintiffs registered the said trade name under the Fictitious Names Act, approved June 28, 1917, P. L. 645, as required by the said act;

That from November 1931 until the present time the plaintiffs have used the trade name "Band Box Theatre";

That from said date until April 1935 the plaintiffs conducted a moving picture business at 28-30 Armat Street, Philadelphia, Pa., under the trade name "Band Box Theatre", of which fact the defendant had knowledge;

That William Goldman, president of William Goldman Theatres, Inc., the defendant, in April 1934 and some time previous thereto conceived the idea of taking away from the plaintiffs the moving picture theatre at 28-30 Armat Street, and succeeded in inducing the Integrity Trust Company to lease the premises to the defendant for a period of five years, although he had knowledge that the plaintiffs were occupying the premises and had an oral understanding to permit them to occupy said premises for a number of years after that date; and that, as a result of legal proceedings instituted by the owners of the premises, the plaintiffs were compelled to vacate in April 1935;

That the defendant is occupying the premises and has been conducting a moving picture business there since August 1935, and is using the name "Band Box Theatre", which is a trade name belonging to the plaintiffs; and that the defendant has a very large electric sign on the front of the theatre having on it the name "Band Box";

That on August 15, 1935, the plaintiffs caused a notice to be served on the defendant requesting them to stop

using the said name; and that the defendant corporation, in response to that notice, advised the plaintiffs that it did not intend to stop using the name;

That the defendant has unlawfully and improperly appropriated to itself the right to use the name, with the full knowledge of the fact that the name belongs to the plaintiffs, appropriating to itself the advantages that were developed by the plaintiffs in the use of the name and taking away from the plaintiffs such profits as they might derive from the use of the name and the right to the use thereof; and that the appropriation of said name by the defendant was done maliciously and for the purpose of injuring and damaging the plaintiffs.

The bill prayed:

"(a) That your Honorable Court grant an injunction, preliminarily until hearing, and permanently thereafter, restraining and enjoining the defendant, its agents, servants or employes, from using the name 'Band Box Theatre' at 28-30 Armat Street or any other place in the City of Philadelphia;

"(b) That your Honorable Court order and decree that the said name 'Band Box Theatre' belongs to the plaintiffs, and any use of it by the defendant is a violation of the plaintiffs' rights;

"(c) That your Honorable Court order and decree that the said defendant pay to plaintiffs damages for the malicious and wilful use of the said name 'Band Box Theatre';

"(d) That your Honorable Court grant to the plaintiffs such other and further relief as the circumstances of the case may require."

The defendant corporation filed its answer, and added thereto new matter. It denied that the plaintiffs were engaged as partners in the conduct and management of a moving picture theatre under the trade name of "Band Box Theatre" since November 1931, and averred that since April 1935 the plaintiffs have not operated any moving picture theatre under that name, and that the

defendant has operated a motion picture theatre under that name, and asserted that the name is the name of the theatre, which has been operated since its construction prior to January 1930 under that name.

The defendant further denied that the plaintiffs have been using the trade name "Band Box Theatre" up until the present time, and averred that the plaintiffs have not made any use of this name since on and after April 1935, and that the defendant has continuously used the name since that time.

The defendant alleged that in April 1934 the premises were controlled by the Integrity Trust Company, the holder of the first mortgage thereon, and that the Integrity Trust Company leased the premises to the defendant.

The defendant denied that the plaintiffs had any oral understanding to permit the plaintiffs to occupy the premises for a number of years.

The defendant admitted that, as a result of legal proceedings instituted, the plaintiffs were compelled to vacate the said premises in April 1935, such proceedings having been entered in the Court of Common Pleas No. 4 of Philadelphia County, to June term, 1934, no. 2488, which proceedings in the lower court were affirmed, whereupon Robert W. Wolf, a brother of the plaintiff William Wolf, instituted injunction proceedings in the United States District Court for the Eastern District of Pennsylvania against the defendant and others, wherein he desired to restrain the Sheriff of Philadelphia County from carrying out the order of the common pleas court, and the petition of the said Robert W. Wolf having been heard in the said district court and also in the circuit court of appeals and decided adversely to his contention, the Sheriff of Philadelphia County was then permitted to proceed to eject the plaintiffs from the premises.

The defendant admitted that it is operating a moving picture business at the premises and is using the name "Band Box Theatre", but denied that it is a trade name

belonging to the plaintiffs, and averred to the contrary that it is a trade name referring to the location of the aforesaid theatre and referred to that theatre building when the motion picture business was operated in it by many parties prior to the plaintiffs, which name has always designated the theatre property. The defendant denied that it has appropriated any right of the plaintiffs, and asserted that the plaintiffs have no right to the name and that, as the name designates a theatre located on the premises, the defendant intends to continue the use of said name.

It is denied that the use of the name is done with malice and for the purpose of damaging the plaintiffs, but averred that the name was first created for the premises when the premises were constructed as a theatre and was so used in January 1930. It is averred that the theatre was successfully operated by other parties for varying periods of time and always operated under the said name up to the commencement of the operation of the theatre by the plaintiffs in November 1931.

As new matter the defendant alleged that the plaintiffs were guilty of laches and are estopped from any relief; that the plaintiffs were informed on August 19, 1935, by the defendant that it intended to proceed to use the name on the premises so designated since the commencement of the operation of the theatre by the defendant, to wit, August 9, 1935; that, despite this knowledge, the plaintiffs permitted the defendant to spend large sums of money in advertising and increasing the good will of the business carried on at the said theatre, and that the plaintiffs took no steps at law from the middle of August 1935 until the institution of this suit to compel the defendant to cease using the name.

The plaintiffs' reply to the new matter set forth that they are not guilty of laches and did not know of the use of the name by the defendant until after the defendant had advertised the theatre and had actually opened it for business, and that then they immediately advised their

attorney to notify the defendants to stop using the said name, and that the defendant's attorney replied that it intended to continue using the name.

The plaintiffs' motion for a preliminary injunction was, on hearing, denied.

### Findings of fact

1. William H. Wolf and Mary Cahan are partners and have duly registered under the Fictitious Names Act, carrying on and conducting business under the assumed or fictitious name, style or designation of "Band Box Theatre".

2. The defendant is a corporation incorporated under the laws of the State of Delaware.

3. On the premises, 28-30 Armat Street, Philadelphia, there was constructed, in August or September 1929, a theatre known as the "Band Box Theatre". Such building was continuously known from that date to the present time as the "Band Box Theatre".

4. On September 28, 1931, the theatre was leased to Robert W. Wolf, as lessee, and by him subleased, in October 1931, to the plaintiffs, who occupied the same and carried the name previously given to the building: "Band Box Theatre".

5. The plaintiffs were ejected from the premises by due process of law, and thereafter the premises were occupied by the defendant and have been continuously so occupied up to the present time.

6. The plaintiffs have never registered the name "Band Box" under the statutes of Pennsylvania providing for the registration of trade-marks, trade names and other similar symbols.

7. The plaintiffs have not conducted any theatre since April 1935 anywhere as partners, nor has either of them conducted any theatre under the said trade name since that date.

8. The defendant at no time used the name "Band Box" as applying to any theatre during the same period

that the name was used by the plaintiffs, or any other persons.

9. A large sign "Band Box" was placed on the theatre building as early as January 1930, and thereafter other signs bearing the same words were erected from time to time by the parties who occupied the said premises.

10. The plaintiffs did not originate or coin the term "Band Box" with respect to these premises, or use it in any different manner than had been done by previous tenants occupying the same.

11. The plaintiff William Wolf has never used the name "Band Box" in connection with any other theatre of which he has control.

12. The said lease, made by the owners of the premises on September 28, 1931, to Robert W. Wolf as lessee, was sublet by him in October 1931 to the plaintiffs, who occupied the premises from October 1931 until April 1935.

13. The plaintiffs notified the defendant on August 15, 1931, to stop using the name, and on August 19, 1935, the defendant replied that it did not intend to stop using the said name.

## Discussion

From the testimony, the court finds that the plaintiffs never coined the name, nor had any proprietary interest in it. The building was designated when it was erected as the "Band Box Theatre", and it retained that name during the occupancy of tenants previous to the tenancy of the plaintiffs.

The plaintiffs took possession as subtenants in October 1931, and the fact that they registered under the Fictitious Names Act of June 28, 1917, P. L. 645, as partners carrying on or conducting business under the fictitious name or designation "Band Box Theatre" did not give a proprietary interest in the name which had already been appropriated to the building. In other words they, by adopting a firm name, could not take away the name of the building already christened with a designated appellation familiar to the neighborhood as to location.

The name for the building is not a transitory trade name. It remains with the building and the owner of the premises has title thereto.

The plaintiffs at the time of filing the bill, were not using the name in question at a new location, and are not now using the name anywhere, and there appears to be no other party using such name as a theatre, this name always having appertained to the premises in question.

The Fictitious Names Act, under the facts in this case, does not protect the trade name; it is a penal statute; Hughes et al. v. McClure, 77 Pa. Superior Ct. 325.

In the case of Booth v. Jarrett et al., 52 How. Pr. 169 (N. Y.), the premises were designated by a person's own name. The famous actor Booth managed his own theatre for four years; he then leased it to the defendant and afterwards sought to restrain the defendant from using his name on the theatre, averring the fact that it was his name and the public would think he was still acting there. The court held that the defendants were still entitled to use the name even though it was the plaintiff's name, showing clearly a dictinction between a fixed and transitory trade name, and also showing that the doctrine of abandonment is not appropriate to a fixed trade name, which may be adopted by anyone who uses the premises.

"Trade-names are either fixed or transitory in character, . . . A fixed trade-name attaches to a place regardless of the ownership of the name at any one time, while a transitory trade-name attaches to the person": 63 C. J. 322, notes 61 and 63.

In the case of The Big Store Co. v. Levine, 22 Ohio Nisi Prius (N. S.) 469 (1920), the court discussed this proposition exhaustively and indicated that names of stores, houses, hotels, theatres, etc., are appropriate to those premises, and accordingly one refers to the particular item in question describing it as a store, house, hotel, or theatre, e. g., in the Ohio case, "Big Store"; in Woodward v. Lazar, 21 Cal. 449, "What Cheer House"; in Howard v. Henriques, 3 Sandf. (N. Y.) 725, "Irving House".

"There are two classes of cases involving judicial interference with the use of names, first, when the intent is to get an unfair and fraudulent share of another's business, and second, where the effect of defendant's action, irrespective of his intent, is to produce confusion in the public mind and consequent loss to the complainant": American Clay Manufacturing Co. v. American Clay Manufacturing Co., 198 Pa. 189, 193.

There is absolutely no evidence on the part of the plaintiffs which meets this principle of law. The plaintiffs are not now using the name for a theatre doing business; there is no evidence of confusion, and no loss to the complainants.

Under all the evidence in this case the bill should be dismissed.

### Conclusions of law

1. The name "Band Box" is a fixed trade name applicable to the theatre situated at 28-30 Armat Street, Philadelphia, and is not a transitory name capable of adoption by the plaintiffs herein, or other person, other than operators of the theatre on the said premises.

2. The name "Band Box" designates and is used in connection with the said theatre premises, and does not designate a business apart from the said premises or appropriable to any person not operating a business at the said premises.

3. The plaintiffs do not presently use the name "Band Box" in any business, and therefore the use of that name by the defendant is not competitive, because the defendant, as a tenant, has the right to the use of said name.

4. The plaintiffs have shown no title to the use thereof.

5. The bill should be dismissed.

### Decree nisi

And now, to wit, March 10, 1936, it is ordered and decreed that the plaintiffs' bill be dismissed and that the prothonotary notify the parties or their counsel that unless exceptions are filed within 10 days the prothonotary

is directed to enter this decree as a final decree. The costs to be paid by the plaintiffs.