**R. H. MACY & CO., Inc., v. MACY'S DRUG STORE, Inc., et al.**

**No. 6044.**

Circuit Court of Appeals, Third Circuit.

May 29, 1936.

Sterling & Willing, of Philadelphia, Pa. (Leon Lauterstein, Melbourne Bergerman, and Emanuel Dannett, all of New York City, of counsel), for appellant.

388

Albert M. Cohen and Harry Langsam, both of Philadelphia, Pa., for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

This is an appeal from a decree of the District Court for the Eastern District of Pennsylvania, which counsel agree be heard here as if on final hearing. Suit was brought against Macy's Drug Store, Inc., Irving H. Bernett, and Irvin Rosenfeld, by R. H. Macy & Co., Inc., for an injunction to restrain them from using the name "Macy" in their business.

In its own extensive business the plaintiff company conducts a retail department store in New York City, and does a large volume of interstate business in the United States and very considerable business in the city of Philadelphia. One of its departments deals in drugs, medicines, cosmetics, toilet preparations, cigars, cigarettes, and other articles commonly sold in drug stores. The plaintiff is commonly referred to as "Macy's," and its drug department is operated under the name Macy's Drug Department.

The defendants, whose names are Bernett and Rosenfeld, operate a drug store in the city of Philadelphia, and have registered the name "Macy's Drug Store" under the Fictitious Names Act (54 P.S. § 21 et seq.). They also use signs on their store stating it is Macy's Drug Store. No one connected with the defendants store is named Macy. The defendants' explanation is that they innocently used the last two syllables of the word "pharmacy" in their slogan, "The last word in pharmacy" as the basis for their use of the name "Macy." This contention does not deceive this court as to what their real purpose is; namely, to appropriate the good will and trade of the Macy Company.

The District Court refused to find that the defendants were guilty of unfair competition and, therefore, denied the injunction. We think, however, that the word "Macy's" had acquired a secondary meaning and referred to the plaintiff's business; that its application to the defendants' business was misleading; that its use was intended to, and had a tendency to, mislead and deceive the public into the belief that the defendants' business was connected with that of the plaintiff. Indeed, the entire atmosphere surrounding the acquisition of the name "Macy's" by the defendants justifies a conclusion that there was a palpable attempt to make use of the plaintiff's reputation and good will, acquired through many years of advertising, and appropriate it to the benefit of the defendants and deceive the public. Such holding is in accord with Macy & Co. v. Colorado Clothing Mfg. Co. (C.C.A.) 68 F.(2d) 690, and Wall v. Rolls-Royce, 4 F.(2d) 333, 334, where this court said: "We feel the court below, sitting in equity, was justified in preventing the defendant from veiling his business under the name of 'Rolls-Royce,' for he had, and could have had, but one object in view, namely, to commercially use as his own a commercial asset that belonged to others, the continued use and abstraction of which is so fraught with such possibilities of irremediable injury that the only way to remedy it is to stop it at the start."

So holding, the decree below is vacated and the record remanded, with instructions to reinstate the bill and grant a permanent injunction.