### Daniel Boone Realty Company et al. v. Clemens, etc.

*John D. Glase, Stevens & Lee, Francis A. Sullivan* and *Strong, Sullivan, Saylor & Ferguson,* for plaintiffs.

*C. Wilson Austin* and *Speicher & Austin,* for defendant.

HESS, J., December 10, 1953.—Daniel Boone Realty Co., plaintiff, is the owner of the hotel premises located at 1016-1024 Penn Street, Reading, Pa. Leighton Hotel Operating Co., Inc., plaintiff, operates the hotel as the Daniel Boone Hotel under and by virtue of a lease with the aforesaid owner. John C. Clemmens, defendant, is a member of the Berks County Bar, and registered the name, "Daniel Boone Hotel", under the Fictitious Names Act of the State of Pennsylvania. Thereafter defendant, by his attorney, caused to be sent to plaintiff operating the hotel a letter notifying the plaintiff to desist from the use of the name "Daniel Boone Hotel". Plaintiffs thereupon filed a complaint in equity asking for a preliminary injunction and other relief against defendant.

After the taking of some testimony at the hearing on the question of a preliminary injunction, defendant's counsel agreed that his client would not go into business and use the name, "Daniel Boone Hotel", pending final outcome of the proceeding. In due course the case was listed for trial and the questions raised argued before the chancellor.

*Statement of Questions Involved*

1. Is the trade name, "Daniel Boone Hotel", appurtenant to premises 1016-1024 Penn Street, Reading, Pa., and does the name pass to each owner of the premises as an incident to the conveyance of the fee?

2. Did the lessees, or defendant by the consent of the lessees, under the lease dated July 17, 1942, obtain a right to the use of the name, "Daniel Boone Hotel", beyond the 10-year term of that lease?

3. Does the registration of a name under the Fictitious Names Act determine the right to the use of that name?

4. Are plaintiffs entitled to injunctive relief?

*Findings of Fact*

1. Plaintiff Daniel Boone Realty Company is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 246 North Clarion Street, Philadelphia, Pa.

2. Plaintiff Leighton Hotel Operating Co., Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 1016-1024 Penn Street, Reading, Berks County, Pa.

3. Defendant John C. Clemmens is an individual residing at 1522 Centre Avenue, Reading, Berks County, Pa.

4. Plaintiff Daniel Boone Realty Company is the present owner of premises situate and known as 1016-1024 Penn Street, Reading Berks County, Pa., by virtue of a deed dated on or about October 20, 1947, from the Berks County Trust Company, and recorded in the Office of the Recorder of Deeds for Berks County, Pa., in deed book 997, at page 151.

5. Plaintiff Leighton Hotel Operating Company, Inc., is the lessee of premises 1016-1024 Penn Street, Reading, Berks County, Pa., by virtue of a written assignment dated on or about June 3, 1952, of a lease entered into between Daniel Boone Realty Company as lessor and Samuel J. Leighton and Solomon Lifschutz as lessees, dated on or about June 3, 1952, for a term of 10 years from September 1, 1952.

6. Premises 1016-1024 Penn Street consist of a certain tract of land and hotel building, which hotel building was erected approximately 30 years ago.

7. The hotel building was constructed in 1924 or early 1925 and has been known as, and operated continuously as, the "Daniel Boone Hotel" during the entire period from its erection to the present by the various owners and lessees thereof.

8. The hotel building has 96 rooms, a dining room, a kitchen in the basement, a ballroom equipped with dressing room and lavatory, and a roof sign reading, "Daniel Boone Hotel."

9. The premises 1016-1024 Penn Street, Reading, Pa., are designed to be used permanently as a hotel.

10. No hotel and restaurant business has been operated under the name "Daniel Boone Hotel" in and about the City of Reading, Berks County, Pa., from 1926 through the present date other than the hotel and restaurant business conducted under the name "Daniel Boone Hotel" at premises 1016-1024 Penn Street, Reading, Pa., from 1926 through the present date.

11. Defendant introduced no evidence indicating that a hotel and restaurant business under the name "Daniel Boone Hotel" has ever been conducted at any place in the United States or elsewhere in North America, other than that conducted at 1016-1024 Penn Street, Reading, Pa.

12. The hotel business conducted at 1016-1024 Penn Street under the name, "Daniel Boone Hotel", has been extensively advertised over a period beginning at least several years prior to 1931 and continuing to the present through the media of highway signs placed in various places along the Allentown, Lancaster, Harrisburg, Pottsville and Philadelphia pikes leading into Reading.

13. There was no substantial increase in the advertisement of the name "Daniel Boone Hotel" through the highway sign media after the Segal and Gottfried interests became the lessees in 1942.

14. The name "Daniel Boone Hotel" has been listed each year since at least 1934 under Reading, Pa., in the "Hotel Red Book", published annually by the American Hotel Association Directory Corporation, 221 West 57th Street, New York 19, N. Y. This book is a compilation of practically every hotel in the United States, Canada, British Columbia, Mexico, Central America, and South America, and is distributed to all hotels. The listings in the "Hotel Red Book" are by country, State, and city and town.

15. The name, "Daniel Boone Hotel", has been listed at the same location variously described as 1022 Penn Street, Penn Street at Tenth, or Penn Street near Tenth, Reading, Pa., in "Boyd's City Directory" (for Reading, Pa.) since 1926.

16. The name, "Daniel Boone Hotel", has been listed in the telephone directory for the City of Reading at the location of 1018 or 1020 Penn Street continuously from at least 1928 till the present.

17. The reputation and good will in the name, "Daniel Boone Hotel", is derived exclusively from the continuous conduct of a reputable hotel and restaurant, with the concomitant advertising and listing thereof, under that name at premises 1016-1024 Penn Street, Reading, Pa., for approximately the past 30 years.

18. During approximately the last 30 years considerable sums of money have been expended by the various owners and operators thereof in establishing and maintaining the reputation and good will of the hotel and restaurant business under the name, "Daniel Boone Hotel", at 1016-1024 Penn Street, Reading, Pa.

19. Patrons of the Daniel Boone Hotel come from diversified sections of the United States, including

Ohio, California, New Jersey, New York, Maryland and Pennsylvania.

20. Persons throughout Reading, Berks County, Pa., associate the name, "Daniel Boone Hotel", with the premises located at 1016-1024 Penn Street, Reading, Pa.

21. The name "Daniel Boone" is that of the famous historical character whose early days were spent in Berks County, Pa., and the hotel business conducted under that name at 1016-1024 Penn Street, Reading Pa., is done under the name of the historical character and not under the name of any individual person connected with the hotel business at that location.

22. The trade name, "Daniel Boone Hotel", has acquired a well-established secondary meaning in the hotel business in and about Berks County, Pa.

23. The premises, 1016-1024 Penn Street, were operated as a hotel under the name "Daniel Boone Hotel" from March 1, 1936, till February 28, 1942, by the Grenoble Hotels, Inc.

24. Early in 1942, and prior to July 17, 1942, plaintiff, Daniel Boone Realty Company, entered into an agreement for the purchase of premises 1016-1024 Penn Street, Reading, Pa., and under that agreement title to the premises was eventually taken in the name of Daniel Boone Realty Company.

25. Plaintiff Daniel Boone Realty Company operated the premises under the name "Daniel Boone Hotel" for a period of about three months in 1942 after it entered into the agreement of purchase and before it entered into the lease with J. S. Gottfried and Louis L. Segal on July 17, 1942.

26. On July 17, 1942, plaintiff, Daniel Boone Realty Company, as lessor, entered into a lease of premises for a term of 10 years commencing September 1, 1942, and ending August 31, 1952, with J. S. Gottfried and Louis L. Segal as lessees.

27. Neither J. S. Gottfried, nor Louis L. Segal, nor both of them had any legal or equitable interest in the hotel premises situate at 1016-1024 Penn Street, Reading, Berks County, Pa., prior to the date of their lease with Daniel Boone Realty Company, the lessor, which lease was dated July 17, 1942.

28. Neither J. S. Gottfried, nor Louis L. Segal, nor both of them, nor the Hotel Daniel Boone, Inc., gave the name "Daniel Boone Hotel" to premises 1016-1024 Penn Street, Reading, Pa.

29. The corporation, Hotel Daniel Boone, Inc., was organized under the laws of Pennsylvania on July 30, 1942, 13 days after the execution of the lease dated July 17, 1942.

30. The principal parties interested in the formation of Hotel Daniel Boone, Inc., were J. S. Gottfried and Louis L. Segal.

31. From the date of its incorporation on July 30, 1942, until August 31, 1952, the Hotel Daniel Boone, Inc., engaged in no activities other than the operation of premises 1016-1024 Penn Street, Reading, Pa., as a hotel under the name "Daniel Boone Hotel" as required by the lease dated July 17, 1942, and the assignment thereof dated August 7, 1942.

32. Pursuant to paragraph 7 of the lease dated July 17, 1942, (substituted exhibit no. 3), the lessees thereunder, J. S. Gottfried and Louis L. Segal, assigned their interest in the lease on August 7, 1942, to a corporation formed by them under the name of Hotel Daniel Boone, Inc.

33. The Hotel Daniel Boone, Inc., operated premises 1016-1024 Penn Street, Reading, Pa., as a hotel under the name, "Daniel Boone Hotel", from September 1, 1942, through August 31, 1952.

34. The rent payable under the 10-year lease dated July 17, 1942, for the period beginning September 1,

1942, and ending August 31, 1952, was paid by the Hotel Daniel Boone, Inc.

.35. The Hotel Daniel Boone, Inc., went out of occupancy of premises 1016-1024 Penn Street, Reading, Pa., on August 31, 1952, in accordance with the terms of the lease dated July 17, 1942, and the assignment thereof dated August 7, 1942.

36. On August 1, 1952, Hotel Daniel Boone, Inc., by a letter signed by the president of the corporation granted permission to defendant to register the name, "Daniel Boone Hotel", for the use and benefit of defendant.

37. Defendant is an attorney-at-law and a member of the bars of the several courts of Berks County, Pa.

38. Defendant, on or about August 12, 1952, registered under the Act of May 24, 1945, P. L. 967, 54 PS §28 et seq., the name "Daniel Boone Hotel" with the Secretary of the Commonwealth of Pennsylvania, at Harrisburg, Pa., and with the Prothonotary of the Court of Common Pleas of Berks County, Pa., and in his application defendant stated that he will conduct a hotel and restaurant business under the trade name of "Daniel Boone Hotel" at 1522 Centre Avenue, Reading, Pa.

39. Premises 1522 Centre Avenue, Reading, Pennsylvania, is a two-story, row-house type dwelling of about six rooms with a frontage of 15 feet.

40. Defendant at the hearing on June 2, 1953, testified he does not now and never did intend to operate a hotel and restaurant business under the name "Daniel Boone Hotel".

41. Defendant, through his attorney, C. Wilson Austin, sent on or about September 23, 1952, a letter to plaintiff Leighton Hotel Operating Co., Inc., demanding that plaintiff cease and desist instantly the use of the trade name "Daniel Boone Hotel" in the operation of its hotel and restaurant business.

42. If defendant operates a hotel and restaurant business under the name "Daniel Boone Hotel" in the City of Reading or in Berks County, Pa., he will deceive and confuse patrons of plaintiffs and the public generally so as to divert to himself or his assigns business to which plaintiffs as owner and lessee respectively of premises 1016-1024 Penn Street are entitled; and such diversion and confusion will diminish the value of the trade name, "Daniel Boone Hotel", and cause plaintiffs irreparable damage.

### Discussion

The findings of fact made by us are substantially as submitted by counsel for plaintiffs. Defendant submitted no requests for findings and has neither specifically objected to any of them nor submitted counter-requests for findings. We will discuss the questions involved in the order previously set forth.

*1. Is the trade-name "Daniel Boone Hotel" appurtenant to premises 1016-24 Penn Street, Reading, Pa., and does the name pass to each owner of the premises as an incident to the conveyance of the fee?*

From the testimony in the record we have found upon undisputed evidence that neither defendant nor his so-called assignors coined the name, "Daniel Boone Hotel." The name was that under which the business was known and operated on Penn Street, near Tenth Street, in the City of Reading for a considerable number of years prior to any connection with it by Daniel Boone Hotel, Inc. The building was known as and operated under that name from its inception as a hotel, and it retained that name during the occupancy of tenants previous to the tenancy of Daniel Boone Hotel, Inc. The facts involved in the case before us are analogous in all important respects to the facts found in Wolf et al. v. William Goldman Theatres, Inc., 26 D. & C. 616. It would appear that the case cited is the decision of a chancellor and that no exceptions were

filed thereto, and, accordingly, no appeal was taken to an appellate court. We are persuaded by the logic of the reasoning and adopt it as authority for holding that the name Daniel Boone Hotel is a fixed trade name applicable to the hotel premises situate at 1016-24 Penn Street, Reading, Pa., and is not a transitory name capable of adoption by defendant herein if such adoption interferes in any material respect with the operation of the business on that premises.

While it does not appear that the appellate courts of Pennsylvania have passed upon a problem similar to the issues confronting us, the question has arisen in other jurisdictions. In O'Grady v. McDonald, 72 N. J. Eq. 805, 66 Atl. 175, a former lessee of a hotel premises known and operated under the trade name of "The Hotel Dominion" and conducted under that name by the lessee herself for a period of one year thereafter attempted to establish and operate a competing hotel under a somewhat similar name a short distance from "The Hotel Dominion." The court enjoined the operation even though it was conceded that during the time of lessee-defendant's tenancy the reputation of the hotel was considerably enhanced by reason of the manner in which defendant conducted the hotel. The chancellor in the case cited recognized that perhaps the lessee might have the right to the name if it had been one of the lessee's own adoption, but certainly did not have the right to the name merely because it was used during the tenancy and had been established for the premises prior thereto.

In Freeland v. Burdick et al., 200 Mo. App. 226, 204 S. W. 1123, a somewhat similar case, the Missouri court laid down rules which would appear to apply equitably to cases of this nature, p. 232:

"A hotel is generally such a building and premises as is especially and permanently adapted to that business and is known by its name, which ordinarily at-

taches to and remains with the location rather than with the particular proprietor (lessee). In such case the name passes with the premises to successive proprietors, who are entitled to the exclusive use of such name. In determining whether a particular case forms an exception of this rule, these facts have more or less weight: (1) Whether or not the building and premises are designed to be used permanently as a hotel; (2) whether the name given it is that of an individual conducting it or is impersonal; (3) whether the tenant or proprietor who is seeking to divert such name to another place is the person who first gave it such name; (4) whether such name has been applied exclusively to the one place or has been used to designate a person's business wherever it was conducted."

Applying these rules to the facts in the case before us, we must certainly answer the question we have been discussing in the affirmative.

*2. Did the lessees, or defendant by the consent of the lessees, under the lease dated July 17, 1942, obtain a right to the use of the name, "Daniel Boone Hotel", beyond the 10-year term of that lease?*

The parties have referred to defendant as an assignee of lessee, Daniel Boone Hotel, Inc., but we cannot construe exhibit no. 6 as being more than a permission to use the name. The language:

"Please be advised that we have been operating the Daniel Boone Hotel at 1018-1024 Penn Street from September 1, 1942 and are definitely going out of business on September 1, 1952, and we have no objection and you have our permission to register the name Daniel Boone Hotel for yourself, as we are definitely completely going out of business," is nothing more than a consent. "A legal assignment is . . . 'a transfer or setting over of property, or of some right or interest therein, from one person to another, . . .' ": Purman Estate, 358 Pa. 187, 190.

It does not appear that defendant gave any consideration to the so-called assignor. However, it has been held that consideration is not necessary to the validity of an assignment: Ertel v. McCloskey, 167 Pa. Superior Ct. 120. Nevertheless, it does not appear that the individual signing the letter (exhibit no. 6), was authorized to act in behalf of the corporation, intended to make an irrevocable assignment, or in any way considered that he was making an assignment. The writer of the letter, L. L. Segal, was called as a witness by defendant and when asked what is exhibit no. 6, replied, "A letter written to John C. Clemmens, Esq., 1522 Centre Avenue, Reading, Pa." We cannot find that defendant has any rights by assignment from Daniel Boone Hotel, Inc. He has, at most, the corporation's permission to use the name and to register it for himself. If the corporation has any rights to the name or its use under the lease of July 17, 1942, we cannot find that it intended to assign such rights. Certainly a permissive use cannot be enlarged into a grant. Since the corporation is not a party to these proceedings we need not decide whether it possesses any right to use the name after the termination of the lease. Accordingly, we are of the opinion that the question propounded and its answer are unnecessary to disposition of the issues confronting us.

*3. Does the registration of a name under the Fictitious Names Act determine the right to the use of that name?*

Since we have decided that the corporation assigned nothing to defendant it becomes unnecessary to decide what, if any, rights inured to it by virtue of its being incorporated under the name of Daniel Boone Hotel, Inc. We have remaining, however, the problem of whether registration of the name by defendant under the Fictitious Names Act determines the right to use the name. It is well settled that the registration of the

name gives no right to use the name to the prejudice of the rights of another who has already made proper use of the same or a similar name for a considerable period of time: Potter v. Osgood, 79 Pa. Superior Ct. 397; R. H. Macy & Co., Inc. v. Macy's Drug Store, Inc.; et al., 84 F. 2d 387; Acme Chemical Co. v. Dobkin, 68 F. Supp. 601; Thomas v. Kanelos, 72 Pitt. L. J., 13; Wolf et al. v. William Goldman Theatres, Inc., supra.

*4. Are plaintiffs entitled to injunctive relief?*

Defendant has caused to be sent to one plaintiff a letter (exhibit no. 2), requesting that plaintiff desist from using the name, "Daniel Boone Hotel." The registration under the Fictitious Names Act (exhibit no. 1), states that defendant will carry on a hotel and restaurant business in Reading, Pa. When he testified as a witness, however, defendant stated that he had registered the name in behalf of a lawyer with whom he is associated and that the latter desires to use the name in connection with an establishment contemplated being established by clients near the Daniel Boone Homestead in Exeter Township, Berks County, Pa. Counsel for defendant contends that plaintiffs have shown no present right to an injunction. In the light of exhibit no. 2, however, we disagree with this contention.

" 'The great weight of modern authority is to the effect that one who has been or will be injured thereby is ordinarily entitled to the equitable remedy of injunction to prevent the carrying out of a contract or combination, to which he is not a party, formed for the purpose of creating a monopoly, maintaining prices, restraining trade or competition, or injuring others in their business contrary to common law or statute, if the damages which he would otherwise suffer are unascertainable, or the resulting injury would be irreparable, and legal remedies are inadequate or a resort thereto would cause a multiplicity of suits' ":

Schwartz et al. v. Laundry & Linen Supply Drivers' Union, Local 187, et al., 339 Pa. 353, 357-58.

We conclude that at this time plaintiffs are entitled to have defendant enjoined from using the name, "Daniel Boone Hotel," within the City of Reading and within Berks County, Pa. Since the name, "Daniel Boone," is that of a historical character with considerable local appeal in Berks County, we are not deciding that a use of the appellation "Daniel Boone", in connection with an establishment licensed by the Pennsylvania Liquor Control Board in Exeter Township, Berks County, Pa., would violate the injunction so long as in point of fact it does not tend to deceive the public and wrongfully interfere with the business conducted under the name of "Daniel Boone Hotel", at 1016-1024 Penn Street, Reading, Pa. We take judicial notice of the fact that "Daniel Boone" has been and is now being used in reference to other business enterprises in this area and that the local council of boy scouts is styled "Daniel Boone Council, Boy Scouts of America." We are convinced, however, that the operation of a hotel and restaurant business within any part of the City of Reading or the County of Berks under the name, "Daniel Boone Hotel", would be so deceptively similar as to cause confusion and tend to do material injury to the plaintiffs.

### Conclusions of Law

1. By virtue of the agreement of purchase entered into early in 1942 and prior to July 17, 1942, plaintiff, Daniel Boone Realty Company, was the equitable owner of the fee in premises, 1016-1024 Penn Street.

2. After the delivery of the deed dated on or about October 20, 1947, referred to in paragraph 4 of the complaint, plaintiff Daniel Boone Realty Company had an absolute legal and equitable title to premises 1016-1024 Penn Street, Reading, Pa.

3. Plaintiff Daniel Boone Realty Company as the owner of the fee in premises 1016-1024 Penn Street, Reading, Pa., has an absolute proprietary interest in the trade name, "Daniel Boone Hotel."

4. Plaintiff Leighton Hotel Operating Company, Inc., as lessee of premises 1016-1024 Penn Street, Reading, Pa., by virtue of a written assignment dated on or about June 3, 1952, of a lease entered into between Daniel Boone Realty Company as lessor and Samuel J. Leighton and Solomon Lifschutz as lessees, dated on or about June 3, 1952, for a term of 10 years from September 1, 1952, has the exclusive right to operate its hotel and restaurant business under the name "Daniel Boone Hotel" at the premises 1016-1024 Penn Street for the duration of its lease.

5. The trade name, "Daniel Boone Hotel", is an appurtenance of premises 1016-1024 Penn Street.

6. Through the agreement of purchase entered into early in 1942 for premises 1016-1024 Penn Street, Reading, Pa., and the subsequent deed therefor dated October 20, 1947, the absolute proprietary interest in the name "Daniel Boone Hotel", was transferred to the grantee and present plaintiff, Daniel Boone Realty Company, as an incident to such conveyance.

7. The lease dated July 17, 1942, by paragraphs 4 and 5 thereof, required the lessees to operate a reputable hotel under the name "Daniel Boone Hotel" and no other name at premises 1016-1024 Penn Street throughout the 10-year term of the lease.

8. Defendant has no right, legal or otherwise, to operate a hotel and restaurant business under the name, "Daniel Boone Hotel", in the City of Reading or in Berks County, Pa.

9. The registration of a name under the Fictitious Names Act of May 24, 1945, P. L. 967, 54 PS §28 et seq., is not determinative of the right to use such name.

10. If defendant or his assigns operate a hotel and restaurant business under the name, "Daniel Boone Hotel", in the City of Reading or in Berks County, Pa., unfair competition to plaintiffs will result with no adequate remedy at law available to them for the irreparable damage which will result.

11. A court of equity will grant an injunction against threatened injury from unfair competition where the acts enjoined, if committed, would result in irreparable injury, the damages would be unascertainable, and there would be no adequate remedy at law.

12. Defendant John C. Clemmens shall pay the costs.