UNITED STATES PLYWOOD CO., INC., a corporation organized and existing under the laws of the State of New York, AND UNITED STATES PLYWOOD CO. OF DELAWARE, INC., a corporation organized and existing under the laws of the State of Delaware,

vs.

UNITED PLYWOOD CORPORATION, a corporation organized and existing under the laws of the State of Delaware, AND UNITED PLYWOOD SALES CORPORATION, a corporation organized and existing under the laws of the State of Delaware.

*New Castle, July* 26, 1932.

*Howard Duane,* of the firm of Keedy & Duane, for complainants.

*Arthur G. Logan,* of the firm of Marvel, Morford, Ward & Logan, for defendants.

THE CHANCELLOR: The complainants will be referred to as complainant and the defendants as defendant. The complainant was incorporated in 1919. It started business on a capital of only five hundred dollars and has built itself up out of profits to an asset value as of September 30, 1931, of $725,734.55 against which are liabilities of $175,-597.31. Its pecuniary strength is rated by R. G. Dun and Company as between $500,000 and $750,000, and it is given the highest credit rating. Its average gross business in the past five years has been $1,500,000 and its average net profit $125,000. It has spent $200,000 in the past twelve years on advertising, its present expenditure on that item being at the rate of about $10,000 per year. Its form of advertising consists almost entirely of sending a catalogue once in about every six weeks to each of the thirty thousand firms on its mailing list.

The defendant was organized in 1930 as a holding and selling company. Its constituent companies however were in business some years before that date. They are in fact older than the complainant. The defendants' assets are shown to have a value of $3,553,400. Its liabilities are not stated. It has an R. G. Dun and Company pecuniary rating of from $1,125,000 to $1,200,000. The present volume of its gross business is not shown. Three of its constituents, when the United Company was formed in 1930, showed a gross of over $7,000,000.00. It spends annually for advertising at the rate of $32,500. Its advertising takes the form of display space in trade publications. It does not send catalogues as does the complainant. Its accounts are very few in number.

When the defendant was in course of formation, the complainant upon learning of its proposed name protested to Colonel Knight, the defendant's sponsor, against the use of the words United Plywood, taking the position that the embodiment of those words in the defendant's name would cause confusion of the two corporations in the trade and a consequent damage to the complainant. Colonel Knight insisted that no such confusion of identity could be expected. He adhered to the name originally selected because, as he said, the word United was especially desired as indicative of a joining together in one corporation of the constituents which were to be taken over.

It is not contended that the defendant in the choice of its name was actuated by a fraudulent intent to injure the complainant. The contrary was expressly conceded at the oral argument. The difference of view between the two corporations over the name was and is one of opinion, and while it is pronounced yet I have been impressed with the thought that the two corporations regard each other as actuated by honorable motives and as entirely free from such unfair designs and purposes as are often charged against parties in cases of the pending sort.

In cases of unfair competition based on simulation of names and marks, it is frequently an established concern that complains against a parvenu. Such is not this case. Both parties are substantial and neither looks with contempt upon the other. Mutual respect, and rightly so, appears to characterize their attitudes. The defendant, however, is the larger concern, and its volume of business is far in excess of the complainant's. If confusion of identity exists between the two as charged, the resultant damage is likely to be greater to the defendant than to the complainant. I think this is so because of the different methods of advertising which the two companies respectively employ. But I hinge nothing on that circumstance. It is an interesting circumstance, however, as differentiating the instant case from the ones that are so often met with in the reports. Furthermore it is always claimed in such cases that the complainant is injured by the alleged wrongful competition, whereas here the president of the complainant freely states that he believes after a year's trial, that his company has suffered no money loss because of the alleged confusion of identity.

This case narrows itself down, as I view it, to a very limited compass, and I find no occasion to consider the numerous authorities cited on the briefs which bear on questions that after all, while pertinent to some phases of the case, are nevertheless unnecessary to be dealt with. The pivotal point on which the case turns is the matter of similarity of names, and whether any reasonable person could be confused thereby. The name United Plywood Corporation ought not to be confused by any reasonably intelligent or ordinarily observant person with United States Plywood Co., any more so than should, for instance, the name United Steel Corporation be confused with United States Steel Corporation. The complainant has no exclusive right to use "united" and "plywood." Those names are such as, generally speaking, are not susceptible of appropriation by

any one. *Drugs Consolidated v. Drug Incorporated*, 16 *Del. Ch.* 240, 144 *A.* 656, 658; *Standard Oilshares v. Standard Oil Group, Inc.*, 17 *Del. Ch.* 113, 150 *A.* 174. I cannot see that they have been used by the defendant in such way as to cause any confusion with the complainant. Especially is this so when in every piece of documentary evidence exhibited to the court in the form of advertisements and letterheads, the defendant has associated its name with a conspicuous trademark containing a striking coined word, which is not in the remotest degree associated with the complainant and its products, and the address of the defendant is plainly shown as at places where the trade has never known the complainant to be located.

In what I have just stated in the preceding paragraph, I have spoken as though the dominant name in the advertisements were that of the defendant, United Plywood Corporation. The case is even stronger, however, than if that were so, because while that name does appear sometimes more conspicuously than at others, the name that stands out with overshadowing prominence is in every instance United Plywood Sales Corporation.

If I were to go by names alone, I should have to say that there is no reasonable ground to conclude that the complainant could be injured. How stands the matter in the light of the evidence as to the actual effect of the names in practical experience? These corporations have had one year of concurrent operations under their present names. The complainant has thirty thousand customers, or prospective customers, to whom it sends its catalogues at least every six weeks. It has twenty-five salesmen traveling on visits to the trade. It has I believe made diligent search for instances of confusion of its name with the defendant's and *vice versa*. It has produced evidence of certain facts which it claims show that the alleged confusion does exist. The evidence is before me, but I shall not burden this opinion with a discussion of its details. It is sufficient for

me to say that when it is sifted and appraised, it fails completely to convince me that any confusion worth noticing exists. That two stenographers who took dictation of letters from their employers who knew perfectly well the two different companies, when instructed to address the letters to the "flooring company," mistook the proper addresses, is of no moment.

As was said by this court in *Drugs Consolidated v. Drug Incorporated, supra,* "courts have refused to pay too meticulous a regard to the possible confusion that might be occasioned by similarity of names in the minds of ignorant or careless people." This remark is of greater or less significance according as the class of persons before whose eyes the names are particularly intended to be displayed and to whom the identification indicated thereby is especially designed to be made, are of more or less intelligence. In the instant case, currency of these names is not among the masses of the undiscriminating public. They circulate among builders, architects, supply houses and direct consumers of a selected type—informed classes who can be expected to exercise a degree of intelligence and discrimination quite above the average.

The defendant has taken pains by various means to distinguish itself from the complainant. Not only has it done so by the choice of its name but as well by its conspicuous trademark containing the coined word "Uplyco," and the names of the parent and constituents. In view of this it is not surprising that the complainant has been unable through its salesmen and other means to produce any more evidence of confusion than that which it has produced, which at the most is exceedingly slight and concerns only the carelessness of uninterested and therefore indifferent people. It is striking that no evidence has been offered of confusion of identity in the minds of any of those on the complainant's mailing list of thirty thousand names.

It does not seem to me to be reasonable to expect that

the name of the defendant is such as to cause it to be confused with the identity of the complainant in the trade, and no evidence has been produced which convinces me that such expectation would be justified.

I am of the opinion that the bill should be dismissed. Decree accordingly.