C. L. RIDLEY v. LESLIE J. SMOTHERMAN, *et al.,* doing business as Key's Chile Parlor.

156 So. 605.
Opinion Filed September 28, 1934.

*Julian Hartridge,* for Appellant;
*Milam, McIlvaine & Milam,* for Appellees.

BUFORD, J.—Appellees filed suit for injunction against appellant to prohibit the use of the trade name "Key" or "Key's" in connection with the operation of any business selling "chile" or in connection with the sale of the product known as "chile."

There was a motion to dismiss the bill of complaint and also a motion to strike paragraphs 3 and 4 of the bill of complaint. Both motions were denied and from that Order appeal was taken.

·Paragraphs 3 and 4 of the bill of complaint allege the pertinent and material facts upon which the complainants relied for the relief prayed.

The motion to dismiss was upon the ground, first: that the bill contains no equity and the other grounds of the motion attacked the bill of complaint upon the grounds in substance that it appears from the allegations of the bill. that the complainants are guilty of laches and that the acts complained of have been acquiesced in and approved by the complainants and their predecessors in the right and that the name "Key" is the name of a third party to which the complainants are not entitled to the exclusive use.

We cannot say that the bill of complaint is without equity and it appears that the allegations contained in the motion to dismiss are such allegations as might be pleaded in defense. Therefore the Order appealed from should be affirmed and the cause remanded for further proceedings.

It is so ordered.

Affirmed and remanded.

DAVIS, C. J., and WHITFIELD, and TERRELL, J. J., concur.