**RHEA et al. v. BACON et al.**

**No. 8164.**

Circuit Court of Appeals, Fifth Circuit.

Feb. 10, 1937.

Wm. H. Watson, Samuel Pasco, and C. J. Brown, all of Pensacola, Fla., and Carl Marshall, of Gulfport, Miss., for appellants.

John M. Coe, of Pensacola, Fla., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

On motion of appellees, admitting the facts well pleaded, the bill of complaint was dismissed by the District Court for want of equity on its face. The suit was to enjoin appellees from using the name, "Inn-By-The-Sea," or any similar appellation, in the operation of their hotel near Fort Walton, Fla. The necessary jurisdictional allegations, both as to parties and amount, are present, and the contentions relate (1) to the ownership of the name and insignia claimed, (2) to the effect of the acts alleged to constitute unfair competition, and (3) to the probability of deception thereby of patrons of appellants.

The original hotel under the name in controversy is located on the Mississippi Coast, near Pass Christian. It has always been designated as Inn-By-The-Sea, under its present as well as all prior ownership and management. Erected by appellees, who, in 1929, encumbered it by mortgage to secure a bond issue of $225,000, the property was sold in 1930 to satisfy the indebtedness, and purchased by one Franciscus, who transferred it to a corporation organized under the laws of Delaware, entitled Inn-By-The-Sea. In May, 1932, the last-mentioned corporation conveyed the property, described as Inn-By-The-Sea, including the hotel, equipment, and furniture, with all hereditaments and appurtenances, to Mrs. Rhea, one of the appellants. She immediately entered into possession, and, with her husband, has operated it ever since under the above name. They have built up a splendid reputation for the hotel, spent many thousands of dollars in a national advertising campaign, so that at this time it is nationally known and receives patronage from all parts of the United States, and even from foreign countries.

After August, 1930, and until the summer of 1935, the individual appellees operated various businesses, including hotels,

977 at top right

under other names than Inn-By-The-Sea. In the summer of 1935, they acquired property near Fort Walton, Fla., under the name of a Florida corporation which they organized, controlled, and named Inn-By-The-Sea, Incorporated. This corporation was also made a party defendant to the bill of complaint. Appellants protested against the use of their trade name, and warned the appellees before the hotel was completed, but the latter persisted therein and refused to discontinue its use.

Both hotels are on the Scenic Highway along the coast of the Gulf of Mexico, and the appellees have erected at the entrance of their hotel grounds a large brick pillar with the name, Inn-By-The-Sea, on it. They have also duplicated certain effigies, consisting of blue elephants, and placed them at the entrance of their hotel grounds, in exact imitation of similar effigies that have always been in front of the hotel of appellants. By using the hyphenated name and these effigies, they are designedly misleading the public into believing that both hotels are the same or that they are under the same management, and are attempting to get for themselves the benefit of the advertising which appellants have done and are doing, and to draw to the new hotel the good reputation which the old one deservedly enjoys. In furtherance of their design to obtain the benefit of said good reputation, the appellees, under said name and insignias, have intentionally solicited patronage of persons who have been accustomed to use the hotel of appellants.

While the hotels are approximately two hundred miles apart, they are connected by paved highways and, with modern means of transportation, come into direct competition with each other to the same extent as, in the days of horse drawn vehicles, they would have done if located only a few miles apart. They cater to the same patronage, which is drawn from a nation-wide territory, and they are causing confusion in the public mind as to the ownership and management of the two hotels. Their acts and conduct are intended to bring about the result complained of, and will be continued so long as profitable to appellees, unless restrained by a court of equity.

■ While the appellees were the first to use the name, Inn-By-The-Sea, it was used in connection with the hotel which appellants thereafter acquired. From 1930 to 1935, the appellees abandoned the use of

it entirely, during which time it was used by appellants in connection with the original hotel. However, it is not necessary for the latter to base their claim upon abandonment, because the right to use the name passed to them with the property. Nims on Trade-Marks and Unfair Competition, § 21; Hopkins on Trade Marks (4th Ed.) p. 228; Chittenden v. Witbeck, 50 Mich. 401, 15 N.W. 526; Freeland v. Burdick, 200 Mo.App. 226, 204 S.W. 1123; Stogop Realty Co. v. Marie Antoinette Hotel Co., 217 App.Div. 555, 217 N.Y.S. 106.

■ That equity will protect the use of a trade-name applied to a particular place is well settled. Stogop Realty Co. v. Marie Antoinette Hotel Co., 217 App.Div. 555, 217 N.Y.S. 106; Woodward v. Lazar, 21 Cal. 448, 449, 82 Am.Dec. 751; Wilcoxen v. McCray, 38 N.J.Eq. 466; O'Grady v. McDonald, 72 N.J.Eq. 805, 66 A. 175; Howard v. Henriques, 5 N.Y.Super.Ct. (3 Sandf.) 725; Marsh v. Billings, 61 Mass. (7 Cush.) 322, 54 Am. Dec. 723; Gottdiener v. Joe's Restaurant, 111 Fla. 741, 149 So. 646; Ridley v. Smotherman, 116 Fla. 701, 156 So. 605; Carolina Pines v. Catalina Pines, 128 Cal. App. 84, 16 P.(2d) 781; Hall v. Holstrom, 106 Cal.App. 563, 289 P. 668; McGhan v. McGhan, 115 Fla. 414, 155 So. 653; Blue Goose Auto Service v. Blue Goose Super Service Station, 110 N.J.Eq. 547, 160 A. 316.

■ The real controversy in this case arises out of the distance between the two hotels, but, since the parties solicit the same customers and cater to the same trade, they come into direct competition with each other, and the distance is not a defense in equity to appellants' suit, as it is not a barrier in fact to appellants' injury by appellees. Western Oil Refining Co. v. Jones (C.C.A.) 27 F.(2d) 205; Buckspan v. Hudson's Bay Co. (C.C.A.) 22 F.(2d) 721; The Governor and Company of Adventurers of England Trading into Hudson's Bay v. Hudson Bay Fur Company (D.C.) 33 F.(2d) 801; Ball v. Best (C.C.) 135 F. 434; Terminal Barber Shops v. Zoberg (C.C.A.) 28 F.(2d) 807; Hollander & Son v. Hollander, Inc., 117 N.J.Eq. 306, 175 A. 628; Concepts of the Law of Unfair Competition, by Fathchild, Missouri Law Review, November, 1936.

The decree of the District Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.