## FEDERAL TELEPHONE & RADIO CORP. v. FEDERAL TELEVISION CORP.

No. 170; Docket 21472.

United States Court of Appeals
Second Circuit.

Argued Feb. 1, 1950.

Decided Feb. 28, 1950.

Darby & Darby, New York City, Floyd H. Crews, Edward D. Phinney, Percy P. Lantzy, New York City, Paul Kolisch, New York City, for appellant.

Lillian D. Rock, New York City, Elliott L. Biskind, New York City, for appellee.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

L. HAND, Chief Judge.

The plaintiff appeals from an order, denying its motion for a preliminary injunction, in an action to prevent the defendant from using the name, "Federal," or its corporate name "Federal Television Corporation," in the sale at retail of television receivers, "boosters," and the like. Its claim is founded upon the similarity between its own name and the defendant's and between the goods sold by both. The facts stated in the affidavits, on which the motion was heard, were as follows. The name of the plaintiff's predecessor, a California corporation organized in 1909, was "Federal Telegraph Company," which until 1931 was engaged in transmitting wireless messages, building radio stations, and making radio and telegraph equipment. In 1931 the International Telephone and Telegraph Corporation bought out the old company and moved it to Newark; and in 1942 merged it with another of its subsidiaries under its present name. The new company —the plaintiff—continued the old business of making and selling to manufacturers parts for telephone, telegraph, radio, television equipment and other like equipment;

until in the year 1946 it began to sell radio receivers at retail. When the motion was made it had sold about 100,000 of these through some 4500 retail dealers, and it has always sold them under the name, "Federal"; they are the only sales of receivers under that name, although during the years 1925–1927 the plaintiff's predecessor had sold radio sets under another name. The defendant was organized in February 1948; as we have said, its business is the manufacture and sale at retail of television receivers and "boosters." The plaintiff asserts that confusion has developed as to these; and in its affidavits it gave the names of four retailers—"sales representatives"—who telephoned to ask why they had not been informed that it was manufacturing television apparatus. When, however, the defendant's attorney telephoned to two of these, they denied making any such statements; and he was unable to find the other two in the telephone directories of the cities where the plaintiff said that they lived. After the beginning of the action the International Telephone and Telegraph Corporation started manufacturing television receiving sets, through another of its subsidiaries, the Capehart-Farnsworth Corporation; but it did so under that name. Thus, not only must we lay aside the possibility that the defendant can divert customers from the plaintiff; but there is no proof, such as a preliminary injunction demands, that any confusion has so far occurred.

■■ The plaintiff might have proved that the name, "Federal," had become so attached to the sale of its radio receivers that buyers of the defendant's television receivers and "boosters" supposed that they were getting the plaintiff's wares. Even then, the confusion would not extend to those of the plaintiff's customers who are manufacturers, for such buyers know the persons with whom they deal; and any confusion would be limited to retail dealers and their customers. Therefore, it could affect the plaintiff only in one of two ways: (1) it might make it more difficult for the plaintiff to sell television sets, if it ever wished to go into that field; (2) its general reputation might be damaged, if the defendant's reputation in the trade was bad. It is indeed well-settled that these two interests are at times enough to give the first user of a name or mark the power to compel anyone, who uses it later, to distinguish his wares. We have had occasion a number of times to discuss this doctrine, its scope and limits—the last time at some length [1]— and it would merely cumber the books to repeat what we have said. Although there appears to be a persistent belief that the first use of a specific name or description gives a power to the first user to prevent its use by others, it is important to remember that no such doctrine exists. In all such cases there is only one question: what damage to the first user will the second do by the use of the first user's mark, or name or make-up, and what burden will it impose upon the second user effectively to distinguish the goods?

■ It is enough to dispose of the case at bar that the plaintiff failed to show that either of the two interests which we have just mentioned will be endangered by defendant's use of the word, "Federal." It has already appeared that there is no reason to suppose that the plaintiff will wish to sell television receivers; and, as the case now stands, any possible damage to the plaintiff's reputation is purely conjectural. True, it is always possible, when two merchants use the same name, that some confusion may arise, and that the reputation of one may therefore be transferred to the other; but there is no substantial basis for such a conclusion in the record before us. We have already disposed of the putative instances of actual confusion; and of any such possibility among manufacturers. As for retailers and their customers, it is conceivable that the word, "Federal," may lead them to believe that the defendant's television sets come from the plaintiff, and that, if the defendant's reputation becomes unsavory, the blame may be put on the plaintiff. However, there is so far no evidence of this, and we should have no warrant for depriving the defendant of what-

1. S. C. Johnson & Son v. Johnson, 2 Cir., 175 F.2d 176.

ever good-will it has already acquired by its sales under its own name. It started the user in entire good faith, the word is in general use for all sorts of purposes, and the plaintiff's pretension to monopolize it is without any present basis that we can discover.

Order affirmed.