**JEAN JORDEAU, Inc. v. PAL BLADE CO., Inc., et al.**

**No. Civ. 57-191.**

United States District Court
S. D. New York.
June 5, 1950.

Leo C. Krazinski, and Hervey, Barber & McKee all of New York City (Morrison T. Hankins, New York City, of counsel), for plaintiff.

Pennie, Edmonds, Morton & Barrows, New York City (George E. Middleton, New York City, of counsel), for defendants.

SAMUEL H. KAUFMAN, District Judge.

This is a motion by plaintiff for a temporary injunction in an action for alleged trade mark infringement and unfair competition. Jurisdiction is based on the trade mark laws and diversity of citizenship.

Plaintiff contends that the use by defendants of the work "Zipak" on a plastic dispenser for razor blades, and the use of the word "Zip!" in describing the action of the dispenser in releasing the blades therein contained, infringe plaintiff's registered mark "Zip" for a hair eradicator, depilatories and razors and its registered mark "Zip-Shave" for shaving cream, and constitute unfair competition.

Plaintiff has been engaged in the manufacture and sale of depilatories under the registered trade-mark "Zip" since 1919. It commenced the use of the registered trade-mark "Zip-Shave" on shaving cream in 1927 and the registered trade-mark "Zip" on razors in 1928.

Plaintiff has concentrated for the most part on the manufacture and sale of depilatories. The advertisements which plaintiff has annexed to the moving affidavits contain no reference to "Zip" razors or "Zip-Shave" shaving cream, and it is alleged, and not denied, that if "Zip" razors are on the market today "the sales must be infinitesimal". Substantially the same statement is made, and not denied, with respect to "Zip-Shave" shaving cream. A price list showing the various articles plaintiff makes and sells under the trade-mark "Zip" fails to list "Zip" razors, although "Zip-Shave" shaving cream does appear as the last item on the list. However, the price list is undated. Razor blades and shaving cream, if associated at all in the public mind with plaintiff, appear at most to be so associated to only an insignificant extent.

Defendants have used the names "Pal" and "Personna", respectively, to designate their razor blades for many years. In 1937 one Otto Kraus caused to be registered the mark "Zipak" for "paper containers designed to hold razor blades or like merchandise, and sold in the trade empty". That mark was assigned to defendant Pal Blade Co., Inc. in October 1948.

Defendants commenced the use of the mark "Zipak" with a notice of registration on plastic containers for razor blades in May, 1949. Whether or not defendants can continue to claim a registration for the word "Zipak" is a question not before the court on this application. An examination

of the claimed infringing articles shows that the word "Zipak" is used merely to designate the plastic dispensers, and that the defendants' trade names "Pal" and "Personna" are displayed prominently on the plastic dispensers and the paper containers in which they are sold. The word "Zip!" is used merely to characterize the speed with which the dispenser operates to deliver an unwrapped blade. Another prominent manufacturer of razor blades uses the word "Zip!" for the same purpose.

While defendants' customers are men, the inference from the papers submitted is that the bulk of plaintiff's customers are women.

It is inconceivable that anyone would purchase "Pal" or "Personna" blades in a "Zipak" dispenser and believe he was buying a product of plaintiff.

It is alleged, and not denied, that plaintiff has known of the defendants' use of the word "Zipak" since at least August 30, 1949. This action was not commenced until April 11, 1950.

It is concluded that plaintiff has not made out such a case as would justify the granting of this motion. There is certainly no proof in this record, "such as a preliminary injunction demands, that any confusion has so far occurred." Federal Telephone & R. Corp. v. Federal Television Corp., 2 Cir., 180 F.2d 250, 251.

Motion denied. Settle order on notice.