**FEDERAL GLASS CO. v. FEDERAL GLASS CO., Inc.**

**Civ. A. 1264.**

United States District Court
D. Delaware.
Feb. 21, 1952.

On Reargument May 2, 1952.

David F. Anderson, of Berl, Potter & Anderson, of Wilmington, Del., and John J. Mahoney, of Corbett, Mahoney & Miller, of Columbus, Ohio, for plaintiff.

Robert B. Walls, Jr., of Wilmington, Del., and Philip Goldstein, of Washington, D. C., for defendant.

LEAHY, Chief Judge.

This is an action for unfair competition to restrain defendant from using its corporate name. As there is no conflict on any material fact, both parties have moved for summary judgment.

Plaintiff has been an Ohio corporation since March 29, 1904 under the name of "The Federal Glass Company". It manufactures glass products such as tumblers, dinner and kitchen ware, jugs, etc. Its main place of business is in Columbus Ohio; it sells its products throughout the United States, incuding the District of Columbia. For practically half a century plaintiff has sold its products under its corporate name, which is printed on its shipping containers, invoices, stationery, advertisements and delivery vehicles. The sale of its glass products is in the million dollar class. In the geopraphical area in dispute, plaintiff's sales in the District of Columbia for the last several years amounted to $150,000; in Maryland $173,000; and in Virginia $190,000. Plaintiff had done business in this area many years before defendant was incorporated. The evidence shows the extent of plaintiff's advertising program, its listing in directories and national publications pertaining to the glass business.

Defendant came to plaintiff's attention in May 1949. Plaintiff notified defendant

to cease to use plaintiff's name. The notice was ignored.

Defendant became a Delaware corporation on June 30, 1947 under the name "Federal Glass Co., Inc.". It is engaged in the business of installing plate glass, window glass and mirrors in the metropolitan area in Washington, D. C. The area embraces parts of Virginia and Maryland.

1. It is undisputed plaintiff has been in the glass field since 1904; and defendant did not begin to use its corporate name until 1947. I think plaintiff has had a long priority over defendant and defendant is a newcomer in the field.

2. Defendant contends that since plaintiff is engaged in the manufacture and sale of glass products such as tumblers, kitchen and dinner ware, etc., it is in a different field from defendant, who is engaged in the sale of plate glass, window glass and mirrors. I think the glass products of both parties are goods of the same descriptive properties. The conclusion is that there is a similarity of fields and goods.

3. Defendant argues there is no clear showing of actual confusion. That matters not. The test in these cases is the likelihood of confusion and proof of actual confusion is not essential. Fox Fur Co. v. Fox Fur Co., D.C.Md., 59 F.Supp. 12, 15; Fox Fur Co.* v. Fox Fur Co., D.C.Del., 59 F.Supp. 701, 703; Great Atlantic and Pacific Tea Company v. A. & P. Radio Stores, Inc., D.C.E.D.Pa., 20 F.Supp. 703, 705.

4. In my former decision in Telechron, Inc., v. Telicon Corp., D.C.Del., 97 F.Supp. 131, I stated where the names of plaintiff and defendant are similar both as to sight and sound defendant must give way. In this case the names are almost identical. Plaintiff is entitled to be protected against the invasion of its rights and good will.

After argument, defendant by affidavit stated its willingness to change its name in any reasonable fashion in order to remove the challenge of plaintiff. Plaintiff rejected the suggested changes of name. I agree with its action. I would, however, in any decree to be entered approve of plaintiff's suggested change of name which defendant should adopt.

### On Reargument.

Since the filing of the above opinion, reargument has been had on defendant's renewed motion for summary judgment. The bases of defendant's position are 1. Delaware law controls, and 2. the case of United States Plywood Co., Inc., v. United Plywood Corporation, 19 Del.Ch. 27, 161 A. 913, is so close in point there can be no question that case should prompt me to reconsider my previous decision in the light of defendant's offer to change its name. In support of the application of Delaware law defendant relies on Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832; Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; National Fruit Product Co. v. Dwinell-Wright Co., D.C., 47 F.Supp. 499, 504; The Best Foods v. General Mills, D.C.Del., 59 F.Supp. 201.

In my former opinion I applied the law of unfair competition as it has been discussed in the federal cases; and no allusion was made to the law of unfair competition as announced by the Delaware courts.

Plaintiff challenges the applicability of Delaware law and argues although jurisdiction is based on diversity of citizenship, and no trade mark infringement is involved, nevertheless, the law of the forum (Delaware) does not govern. The plaintiff's position is the acts complained of did not happen in Delaware but occurred in the District of Columbia; and, therefore, the law of the place of wrong should govern. In short, plaintiff's position is that in Delaware, as a matter of conflict of laws, when a question of tort liability is presented, the conflict of laws rule of Delaware is that in the case of tort, substantive rights are governed by the law of the jurisdiction where the wrong occurred.[1]

1. Skillman v. Conner, 8 W.W.Harr. 402, 38 Del. 402, 193 A. 563; Black & Yates v. Mahogany Association, 3 Cir., 129 F. 2d 227, 148 A.L.R. 841; Geller v. Transamerica Corp., D.C.Del., 53 F. Supp. 625; Odlivak v. Elliott, D.C., 82 F.Supp. 607; Adam Hat Stores, Inc., v. Lefco, 3 Cir., 134 F.2d 101.

■ 1. The difficulty with plaintiff's position is that there is no showing that the law of the District of Columbia on unfair competition is different from that of Delaware. I think the recent opinion of Chancellor Seitz in E. I. duPont de Nemours & Co. v. DuPont Safety Razor Co., Del.Ch., 82 A.2d 384, impliedly recognizes that unless there is a showing to the contrary the Delaware. courts apply their own law on questions of unfair competition. This being so, the case of United States Plywood Co., Inc., v. United Plywood Corporation, 19 Del.Ch. 27, 161 A. 913, 914, is applicable to the case at bar.[2]

■ 2. At argument, defendant offered, here, to change its name to either 1. *Federal Plate Glass Co., Inc.* or 2. *Federal*

2. The following brief listing of factors will demonstrate this:

1. *Similarity of names:*

Plywood case. The Court said: "The name United Plywood Corporation ought not to be confused by any reasonably intelligent or ordinarily observant person with United States Plywood Co., any more so than should, for instance, the name United Steel Corporation be confused with United States Steel Corporation. The complainant has no exclusive right to use 'united' and 'plywood.' Those names are such as, generally speaking, are not susceptible of appropriation by any one."

Federal Glass case. The same observations would apply.

2. *Similarity of goods:*

Plywood case. Both parties dealt in plywood. But there the parties actually dealt, to a limited extent, with the same product.

Federal Glass case. Both deal with glass but with different types of the product. The plaintiff deals in tumblers and tableware, while the defendant deals in plate glass, mirrors and window glass.

3. *Competition:*

Plywood case. There was a limited amount of competition.

Federal Glass case. No competition.

4. *Palming off:*

Plywood case. None.

Federal Glass case. None.

5. *Confusion of source of goods:*

Plywood case. "The evidence is before me * * * it fails completely to convince me that any confusion worth noticing exists."

Federal Glass case. The same remark would sum up the "confusion" shown.

6. *Use of corporate names in advertising:*

Plywood case. " * * * the defendant has associated its name with a conspicuous trademark containing a striking coined word, which is not in the remotest degree associated with the complainant and its products, and the address of the defendant is plainly shown as at places where the trade has never known the complainant to be located."

Federal Glass case. One party has associated its name with a conspicuous trademark containing a striking emblem, a capital "F" in a shield, which is not associated with the other party and its products, and the address is plainly shown as at places where the trade has never known the other party to be located.

not among the masses of the undiscriminating public. They circulate among builders, architects, supply houses and direct consumers of a selected type—informed classes who can be expected to exercise a degree of intelligence and discrimination quite above the average."

Federal Glass case. The names do not circulate among the masses of the undiscriminating public; they circulate among builders, insurance companies, supply houses—informed classes who can be expected to exercise a degree of intelligence and discrimination.

8. *Damage to good will:*

Plywood case. None.

Federal Glass case. None.

9. *Right of first user of corporate name to prevent use by others:* *

Plywood case. None where no damage was shown.

7. *Class of persons before whose eyes the names are displayed:*

Plywood case. " 'Courts have refused to pay too meticulous a regard to the possible confusion that might be occasioned by similarity of names in the minds of ignorant or careless people.' This remark is of greater or less significance according as the class of persons before whose eyes the names are particularly intended to be displayed and to whom the identification indicated thereby is especially designed to be made, are of more or less intelligence. In the instant case, currency of these names is

Federal Glass case. No damage shown, same principle would apply. The principle is implicit in the Plywood decision; it was stated explicitly by Judge Learned Hand in Federal Telephone & Radio Corp. v. Federal Television Corp., 2 Cir., 180 F.2d 250, 251: "Although there appears to be a persistent belief that the

*Plate Glass Corporation.* After review and of more importance considering defendant's offer, I finally conclude it has brought itself, as stated before, within the case of United States Plywood and I am, therefore, modifying my former views to this extent: If defendant adopts either of the names it has suggested, summary judgment shall be entered for it.

3. My use of the word "modify"—as to the above opinion—rather than "reverse" is not reluctance on my part to face the reality of correcting myself. Once an opinion is written and filed, a judge is often loath to reverse himself. Such, however, will not be the situation here. It would be inconsistent on my part to ascribe to my writings immunity from re-evaluation and change if I suspect error. Delaware law applies; not the federal cases I considered.

Defendant will have summary judgment under the condition noted. An order may be submitted.

first use of a specific name or description gives a power to the first user to prevent its use by others, it is important to remember that no such doctrine exists. In all such cases there is only one question: what damage to the first user will the second do by the use of the first user's mark, or name or make-up, and what burden will it impose upon the second user effectively to distinguish the goods?"