**Onesime FACIANE, trading and doing business as White Kitchen, Plaintiff,**

v.

**Harry F. STARNER, Defendant.**

**Civ. A. No. 398–T.**

United States District Court, N. D. Florida, Tallahassee Division.

March 18, 1955.

Meginnis, Thompson & Morrison, Tallahassee, Fla., for plaintiff.

George W. Atkinson, Tallahassee, Fla., for defendant.

DE VANE, Chief Judge.

Plaintiff filed a complaint against defendant alleging that plaintiff is the sole proprietor of all right, title and interest in the trademark "White Kitchen" and that defendant is infringing upon said trademark by establishing and operating a restaurant under the trade name "White Kitchen". In his answer, defendant admits that since January, 1947 he has operated a restaurant under the trade name "White Kitchen", but denies that the use of his name in any way infringes upon any rights of the plaintiff.

The facts in the case, in general, are not in dispute. The evidence establishes that about 1926 plaintiff established and has since that date operated one or more restaurants in the State of Louisiana, under the trade name "White Kitchen" and that said trade name was first registered with the Commissioner of Patents in 1930 and a new trademark registration was secured in September, 1950. and is still in effect.

Plaintiff has, during all this period, operated a restaurant under this tradename

and has for the past several years also operated a bar in connection with the restaurant. Plaintiff now has two restaurants, not far apart, located in Louisiana. In connection with the operation of his restaurants, plaintiff developed and now manufactures and sells in interstate commerce a barbeque sauce, under the name "White Kitchen". This barbeque sauce is sold in several States, including Florida, according to the testimony of plaintiff.

Plaintiff's restaurant and bar business at its two restaurants located in Louisiana is quite substantial for a wayside restaurant. One of the restaurants is located on U.S. 90, the principal east-west route from Florida to California, passing through Tallahassee, Florida.

About 1939 defendant's predecessor opened a small restaurant just outside the city limits of Tallahassee on what was then known as U.S. 90, specializing in fried chicken and hot biscuits. This restaurant was, from the beginning, operated under the name "White Kitchen". Defendant acquired the business and the trade name in 1947, and has continued to operate under that name ever since. Defendant does no interstate commerce. In comparison with the restaurants operated by plaintiff defendant operates a very small business. He does not operate a bar as his restaurant is located in a dry county in Florida.

Plaintiff was not aware of the existence of defendant's restaurant until some time in 1951, and upon learning about it he sent an employee to visit defendant's restaurant and notify him that he was illegally using plaintiff's registered trade name. Plaintiff's attorney later notified defendant to the same effect. Upon receipt of this notice defendant promptly registered his trade name "White Kitchen" with the Secretary of the State of Florida and has complied in every particular with the Florida law with reference to the registration of trade names. Plaintiff never registered his trademark under the Florida statute.

Two questions are presented to the court by the pleadings and facts in this case, as follows:

1. Is there an infringement of plaintiff's registered trademark, which may be enjoined in this action, and

2. Is defendant engaged in unfair trade practices and unfair competition by the use of plaintiff's registered trademark?

While the answer to the first question is not difficult, it is of no particular import in the final disposition of the real question presented in this case.

As stated above, the evidence conclusively establishes that defendant is exclusively engaged in intrastate commerce and the Trademark Act of 1905, as amended, now 15 U.S.C.A. § 1051 et seq., provides no remedy whereby the infringement of a trademark registered under the Act may be enjoined where its use by others is confined to the limits of a single State and does not interfere with interstate or foreign commerce, nor does the Act enlarge common-law rights within a State where the trademark is being used. U. S. Printing & Lithograph Co. v. Griggs, Cooper & Co., 279 U.S. 156, 49 S.Ct. 267, 73 L.Ed. 650.

The second question is more difficult to answer. Plaintiff relies chiefly on Rhea v. Bacon, 5 Cir., 87 F.2d 976 and Stork Restaurant v. Sahati, 9 Cir., 166 F.2d 348. Rhea v. Bacon, supra, is controlling here if that case is applicable. That was a case in which the facts, as alleged in the complaint, were, in many respects, similar to those alleged in this case. Rhea operated a hotel located on the Mississippi coast near Pass Christian, under the trade name "Inn-By-The-Sea". This hotel was originally erected, given its name and placed in operation by Bacon and had been operated under this name ever since. The hotel is located on U.S. 90. In 1935, Bacon, no longer having any interest in the hotel, acquired property near Ft. Walton, Florida and erected thereon a hotel and adopted for it the trade name "Inn-By-The-Sea". The suit

was instituted by Rhea to enjoin the use of this name. On a motion of appellee, which admitted the facts well pleaded in the complaint, the District Judge dismissed the complaint and that case was disposed of on appeal in that manner, without any evidence by any party to the litigation. All the Appellate Court did in that case was to hold that as the complaint stated a good cause of action the District Court erred in dismissing the complaint. For this reason that decision in no way controls the decision of this court in this case.

The case of the Stork Restaurant v. Sahati is more to the point, and, if followed in its entirety, would be decisive in this case. However, the court is of the opinion that the facts in this case are so substantially different, in the main, to the facts in the Stork Restaurant case that the law of that case should not be applied here. In the Stork case an unusual trade name, with an unusual trade design had been adopted and used by the complaining party for many years and a large business had been developed before that infringement occurred and that case was brought. The Stork Restaurant was a famous eating place in New York and had been publicized in many ways throughout the United States. It had built up a reputation under its tradename that deserved the protection the court gave it in that case.

The decision of the same court in other cases is illustrative of the fact that the pronouncement of the court in the Stork Restaurant case is applicable only in unique cases such as the facts disclosed in that case. See: Treager v. Gordon-Allen, Ltd., 9 Cir., 71 F.2d 766 and Sunbeam Lighting Company v. Sunbeam Corporation, 9 Cir., 183 F.2d 969.

On the other hand, we have in this case a common name. The words, "White Kitchen" do not express a fanciful term. There is nothing inherently unusual about these words, that would justify the prohibition of their use by others. The use of ordinary words, either alone or in combination, without more, is not entitled to protection under the law of trademarks or as unfair competition.

While plaintiff has adopted the use of a certain amount of attractive display advertising in the form of place mats and napkins, defendant has no advertisement of a similar nature, nor does defendant in any way "dress up" his restaurant so as to make it bear the least similarity to the restaurants operated by plaintiff.

It is approximately 300 miles from plaintiff's places of business to that operated by defendant and defendant's place of business is no longer located on U.S. 90. It is a restaurant chiefly patronized by residents of Leon County, Florida and visitors to Tallahassee from other parts of the State of Florida who know about it.

Plaintiff testified in this case there was no competition between his restaurant business and that of defendant; that there was no confusion in the minds of the public, but that he did desire to protect his trade-name and his good business reputation. He waived all claims for damages. Under the facts, as disclosed by the record in this case, to grant plaintiff the relief here sought would require the conclusion that plaintiff holds a monopoly on the trade name "White Kitchen", for the evidence in the case does not warrant a judgment in plaintiff's favor on any other ground.

The law is well settled that where there could be no confusion among customers, the original owner of a trade name does not have an exclusive monopoly on its use.

The court finds and holds that plaintiff has failed to carry the burden of proof establishing his right to enjoin defendant from the use of his registered trademark "White Kitchen".

An appropriate judgment will be made in conformity with this memorandum decision.